# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMIE ACOSTA,<br><br>　　　　　　　　Petitioner,<br><br>v.<br><br>F. GONZALEZ, Warden, et al.,<br><br>　　　　　　　　Respondents. | Civil No.　11cv1313-DMS (BGS)<br><br>**REPORT AND RECOMMENDATION RE: (1) RESPONDENT'S MOTION TO DISMISS; AND (2) PETITIONER'S MOTION TO AMEND**<br><br>**[Doc. Nos. 4, 11.]** |

## I.　INTRODUCTION

Petitioner, Jaime Acosta ("Acosta"), a state prisoner proceeding pro se, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) Acosta seeks relief from a $5,000 restitution fine imposed in connection with his underlying 1993 conviction for first degree murder. (*Id.*) Acosta also argues that he is not procedurally barred from raising this claim in federal court because a procedural bar of timeliness is not an independent and adequate application of California law. (*Id.*)

## II.　FACTUAL AND PROCEDURAL BACKGROUND

Acosta was sentenced to life without the possibility of parole on June 25, 1993. (Doc. No. 1 at 2.) In this petition, Acosta does not challenge his underlying conviction for first degree murder, rather, he challenges the imposition of the $5,000 restitution fine. (*Id.*)  The California Department of Corrections began collecting the restitution on February 6, 2009. (Doc. No. 1 at 41.) Beginning on July 8, 2009, Acosta pursued administrative remedies to resolve the restitution issue, and he also filed a petition for writ of habeas corpus in the California Supreme Court challenging the fine. (Doc. No. 7 at

3.) The California Supreme Court denied the petition with citations to *In re Dixon*, 41 Cal.2d 756, 759 (1953), and *In re Robbins*, 18 Cal.4th 770, 780 (1998). (*Id.*)

On July 29, 2011, Respondent filed a Motion to Dismiss the Petition. (Doc. No. 4.) Respondent moves to dismiss the petition on the basis that the Court lacks jurisdiction to consider the claim because Acosta is only challenging the order to pay restitution and does not request release from custody. (*Id.*) In addition, Respondent contends that the petition is untimely under state and federal law. (*Id.*)

On September 8, 2011, Acosta filed an Opposition to Respondent's motion to dismiss. (Doc. No. 7.) Petitioner argues that the state court imposed restitution constitutes a violation of the ex post facto clause, therefore presenting a federal question. (*Id.* at 2.) Acosta also argues that he is not procedurally barred from raising his claim and that his federal petition is not untimely because he is entitled to tolling. (*Id.* at 6-8.)

On September 19, 2011, Acosta filed a Motion to Amend the Petition. (Doc. No. 11.) Acosta requested leave to amend in order to file his petition under the "appropriate statute." (*Id*. at. 3.) Ground one of the proposed amended petition states that the "[s]entencing court imposed [Acosta's] restitution fine portion of sentence in violation of United States Constitutional Prohibition against ex post facto laws." (Doc. No. 13-1 at 4.) Ground two of the proposed amended petition claims that "Respondent's procedural bar of timeliness is not independent of federal law and inadequate [*sic*] under California law as applied to [Acosta's] ex post facto claim which is equivalent to an illegal sentence and is not subject to waiver and cannot preclude federal review." (*Id.*)

Respondent opposes Acosta's motion to amend because "the proposed amended petition is substantially the same if not identical to the Petition itself," thus the amendment would be futile or result in "needless delay" of the litigation. (Doc. No. 14.)

**III. ANALYSIS**

A. Motion to Dismiss Habeas Petition for Lack of Jurisdiction

Courts do not have jurisdiction over habeas corpus petitions challenging only restitution orders. *Bailey v. Hill*, 599 F.3d 976, 984 (9th Cir. 2010). 28 U.S.C.§ 2254(a) states:

///
///

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

Acosta's petition challenges a monetary assessment but does not challenge the fact or duration of his sentence. The essence of habeas corpus is an attack by a person in custody upon the legality of that custody. *Preiser v. Rodriguez,* 411 U.S. 475, 484 (1973). Thus, a claim challenging an order of restitution, even if the restitution was imposed in violation of the prohibition against ex post facto laws, is not proper in a federal habeas petition because the restitution order does not satisfy the in custody requirement. *See United States v. Kramer*, 195 F.3d 1129, 1130 (9th Cir. 1999.)

The United States Court of Appeals for the Ninth Circuit made clear in *Bailey v. Hill*, that a petitioner's argument that he or she "has been ordered to *pay restitution* 'in violation of the Constitution or laws or treaties of the United States,' 28 U.S.C. § 2254, and not that his [or her] custody is unlawful . . . . is insufficient to confer jurisdiction over [a petitioner's] habeas petition." 599 F.3d at 981(emphasis in original). Because Acosta's claim challenges only the restitution fine imposed, the Court lacks jurisdiction to consider his challenge to the restitution order imposed by the trial court. Accordingly, the Court recommends that Respondent's motion to dismiss be **GRANTED** and that the case be dismissed with prejudice.[1]

### B. Motion to Amend Petition

Federal Rule of Civil Procedure 15 governs the amendment of pleadings. Fed. R.Civ. P. 15. "In deciding whether justice requires granting leave to amend, factors to be considered include the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment. Leave to amend need not be given if a complaint, as amended, is subject to dismissal." *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 538 (9th Cir. 1989) (citations omitted).

Acosta's proposed amended petition also fails to meet section 2254's "in custody" requirement. The proposed amended petition is essentially identical to the original petition and solely seeks relief

---

[1] Because there is no habeas jurisdiction, the Court does not reach or decide Acosta's arguments regarding procedural default (addressed in ground two of Acosta's petition) or the merits of the restitution claim.

from the restitution order imposed as part of his 1993 sentence. Because the amended petition does not claim that his custody or conviction is unlawful, permitting Acosta to amend his petition would be futile because the Court would not have jurisdiction to consider the challenge to the restitution order imposed by the trial court. Based on the foregoing, the Court recommends that Acosta's motion to amend be DENIED.

### IV.  CONCLUSION AND RECOMMENDATION

The Court submits this Report and Recommendation to United States District Judge Dana M. Sabraw under 28 U.S.C. § 636(b)(1) and Local Civil Rule HC.2 of the United States District Court for the Southern District of California. For all the foregoing reasons, **IT IS HEREBY RECOMMENDED** Respondent's Motion to Dismiss be **GRANTED** in its entirety on grounds that the Court lacks jurisdiction and that Acosta's Motion to Amend be **DENIED** because permitting amendment would be futile. **IT IS FURTHER RECOMMENDED** the Court issue an Order: (1) approving and adopting this Report and Recommendation; (2) entering an order DISMISSING the petition without leave to amend; and (3) the court DECLINE to issue a certificate of appealability.

**IT IS HEREBY ORDERED** no later than **February 15, 2012**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** any Reply to the Objections shall be filed with the Court and served on all parties no later than **February 29, 2012**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's Order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

**IT IS SO ORDERED.**

DATED: January 23, 2012

Hon. Bernard G. Skomal
U.S. Magistrate Judge
United States District Court